UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Advantus Capital Management, Inc., )<br>and )<br>Advantus Series Fund, Inc., )<br>(both Minnesota Corporations), )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Aetna Inc, )<br>(a Pennsylvania Corporation), )<br>)<br>Defendant. )<br>) | Civil Action No.<br><br>**JURY TRIAL DEMANDED**<br><br><u>**COMPLAINT**</u> |

Plaintiffs Advantus Capital Management, Inc., and Advantus Series Fund, Inc., by way of complaint against the Defendant, state and alleges as follows:

<u>**THE PARTIES**</u>

1.     Plaintiff Advantus Capital Management, Inc. ("Advantus" or "Advantus Capital") is a Minnesota Corporation having its principal place of business at 400 North Robert Street, St. Paul, MN 55101.  Plaintiff Advantus Series Fund, Inc. ("Advantus Series Fund") is also a Minnesota Corporation, doing business at 400 North Robert Street, St. Paul, MN 55101 and is an affiliate related to Advantus Capital Management, Inc.

2.     Defendant Aetna, Inc. ("Aetna") is a Pennsylvania Corporation having places of business at 980 Jolly Road, Blue Bell, PA 19422 and at 151 Farmington Avenue, Hartford, CT 06156.

3.      This cause of action arises under the Federal Trademark Act, 15 U.S.C. §§ 1051 -

1127 and Minnesota Law.  This Court has jurisdiction over the subject matter of this action

pursuant to 28 U.S.C. §§ 1331, 1338 and 1367, as well as 15 U.S.C. § 1121.

4.      Plaintiff Advantus Capital, is the owner of United States trademark Registration

No. 2,663,467 for the mark ADVANTUS® registered for "mutual fund, investment advisor and

asset management services."  The United States Patent and Trademark Office issued the above-

mentioned registration in compliance with law on December 17, 2002.  A copy of relevant

details of Plaintiff Advantus Capital's registration, as published by the United States Patent and

Trademark Office is attached hereto as Exhibit "A."  Plaintiffs Advantus Capital and Advantus

Series Fund, have themselves, and through their related companies, licensees and affiliates, used

the name and mark ADVANTUS to identify themselves and their various business services since

at least as early as February 9, 1995, and continuously thereafter up to and including the present

time.  Plaintiffs have expended considerable resources in developing their ADVANTUS services

and products, and their reputation.  Plaintiff Advantus Capital's investment advising services and

Plaintiff Advantus Series Fund's portfolio of mutual funds are well known and held in high

regard.  Plaintiff Advantus markets and sells asset management services under the ADVANTUS

mark to a wide variety of clients and customers, including but not limited to institutional

investors and consultants to institutional investors, corporations, registered investment

companies, life and health insurance companies, employers, physicians, HMOs, health claims

administrators, health plans, health provider networks, PPO's, hospitals, clinics, governmental

agencies, health care and investment consultants, and other health care related entities including

dental insurance companies.  .Plaintiff Advantus Series Fund offers a  portfolio of mutual funds

-2-

that are available in certain variable annuity and variable life insurance contracts that may be purchased by institutions, including but not limited to entities in the health care industry, and to individual investors in connection with the name and trademark ADVANTUS. These funds are securities registered in accordance with applicable law. A copy of excerpts of the current prospectus for these funds is attached as Exhibit "B" hereto. Many employers offer one or more of these ADVANTUS funds as an option for individuals to invest some or all of their investment dollars as part of the individual's investments for retirement, as part of a pension, 401(k) or other retirement plan.

5.      Advantus operates an internet web page to promote its services, and to provide information and details about its services to the public. A portion of the current webpage operated by Advantus is attached hereto as Exhibit "C". Exhibit "C" lists at pages 3 and 4 the fourteen different composite investment funds advised under the ADVANTUS trademark by Plaintiff Advantus at this time. Collectively, these funds hold many millions of dollars of assets owned by the institutional customers and the employees of institutional customers of Plaintiff Advantus, and over which Plaintiff Advantus acts as an advisor, or sub-advisor with a duty owed to those investors and customers.

6.      Since at least about 1995, Plaintiffs have been commercially using the ADVANTUS mark in connection with their business activities in interstate commerce. Since about 2003, Plaintiffs have given notice of their registered rights in the ADVANTUS mark by using the ® symbol.

7.      Plaintiffs have expended a substantial amount of money and effort in advertising and promoting the ADVANTUS names and marks and their related investment advising and

other products and services.  Plaintiffs' substantial promotional, advertising, publicity, and public

relations activities further promote the recognition and goodwill associated with the

ADVANTUS names and marks.  These activities include promotion in print media, on the

Internet at www.advantuscapital.com and in presentations of numerous kinds to business

prospects and customers.  Plaintiffs work with sales personnel, distribution channels, and

registered representatives authorized to offer its products and services to individuals nationwide.

8.      Recently, on or about May 9, 2006, and long after Plaintiffs began using the

ADVANTUS trademark, Defendant Aetna issued a press release announcing the launch of a new

business unit, Advantus, which will purportedly provide products and services to insurance

companies, third party administrators, regional health plans, and other customers.  The new

products identified include management and employee assistance programs.  The release

indicates the products, services and markets pursued under the ADVANTUS name and mark will

expand in the future.  A copy of this press release is attached hereto as Exhibit "D."  On

information and belief, Defendant has not commenced commercial use of the ADVANTUS mark

and does not expect to "roll out" such use until fall of 2006.

9.      Recently, defendant has filed intent to use applications for federal trademark

registration of various ADVANTUS marks, namely, Serial Nos. 78-829,974; 78-829,955, 78-

829,803; 78-793,112; and for ADVANTUS HEALTH, Serial Nos. 78-793,130 and 78-793,052

all for goods or services including, among other things:

> (Int. Cl. 35) health care cost review and cost containment services for medical, dental,
> behavioral health, and pharmacy benefit plans of others; administration of a discount
> program promoting the goods and services of others through the distribution of  discount
> cards; verifying and monitoring the credentials of physicians and other health care
> professionals (Int. Cl. 36) health care provider network services, namely, organizing and

administering provider networks in the field of medical, dental, pharmacy, and behavioral health care; administration services in the field of health care insurance, namely, providing access to health care provider networks; administration of medical, dental, pharmacy, behavioral health and stop-loss insurance services, including pre-paid health care plans, health care indemnity plans, health care preferred provider plans and consumer-directed health plans, for others; insurance claims processing and administration, and claims data analysis; pharmacy benefit management services (Int. Cl. 42) providing and administering quality control systems for others, namely, for health care benefits providers, hospitals, health clinics and doctors' offices

10.    The markets for Plaintiffs' and Defendant's products and services sold under the marks at issue have significant overlap, in many instances involving identical customers. Moreover, within overlapping corporate customers, it is likely that the same people will participate in decisions to use or not use each party's products and services. Businesses and individuals at businesses will be the likely target of Plaintiffs' and Defendant's products and services. Moreover, as Defendant expands its activities, the overlap will increase. Customers are likely to believe the same company markets both Plaintiffs' products and services including their advising and employee benefits services and Defendant's products and services including its advising and employee benefits services.

11.    Defendant's marketing efforts and proposed business activities, as well as its intended use of the mark ADVANTUS and the effort to register marks including ADVANTUS for services closely related to those of Plaintiffs, are in violation of Plaintiffs' rights.

12.    Defendant has been made aware of the Plaintiffs' prior rights by letter and, to date, has refused to cease and desist from its plans to use the confusingly similar and deceptively similar names and trademarks to those long used by Plaintiffs. In addition, Defendant has constructive notice of Plaintiffs' federal registration and through Plaintiffs' use of the ® symbol

in connection with the ADVANTUS mark since about 2003. Despite such notice, Defendant has refused to cease and desist from its current use, and has refused to refrain from commencing its announced plans to use, the names and trademarks at issue.

13. The activities of Defendant if they were to commence and continue as proposed in Exhibit "D", are likely to create confusion in the marketplace and likely to deceive decision makers, institutional investors, employees of institutional investors, and others who falsely believe the Defendant's services come from, are approved by, are a line extension of, or are managed by Plaintiffs. The activities of Defendant outside the control of Plaintiffs place at risk the significant investment and reputation of Plaintiffs in the names and mark ADVANTUS. The potential harm should negative news or results about Defendant arise is enormous and irreparable.

14. The "Advantus" name and mark as used by Plaintiffs and the names and marks "Advantus" as proposed for use by Defendant, are identical, in appearance, pronunciation, and meaning. The trademarks of the parties are confusingly similar and deceptively similar.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

15. Plaintiffs repeat and reallege paragraphs 1-14.

16. Plaintiff Advantus owns the ADVANTUS trademark and its certificate of registration is *prima facie* evidence of its ownership of the mark, the validity of the registration, and its exclusive right to use that mark in commerce with respect to the services of mutual funds, investment advising, and asset management services.

17.     Defendant has introduced and announced that it intends to use in commerce, a mark or marks confusingly similar to the Plaintiffs' federally-registered mark, in connection with the advertising, promotion, and/or sale of their products and services.  The mark ADVANTUS as proposed for use by Defendant is identical to Plaintiffs' ADVANTUS mark. Defendant intends to provide closely related products and services to those of Plaintiffs to the same or closely related customers to Plaintiffs' current and future customers without the consent of Plaintiffs in a manner that is likely to cause confusion, to cause mistake, or to deceive as to source or origin among purchasers and/or users of those products and services.

18.     Defendant's actions constitute trademark infringement under 15 U.S.C. § 1114.

19.     Defendant's actions are being taken in a negligent, or grossly negligent manner, or in a willful, deliberate, or intentional plan in disregard of Plaintiffs' rights.  Should Defendant carry through its announced plans, this case would be exceptional under the Lanham Act.

20.     Plaintiffs have been damaged by the actions of Defendant, and Defendant is likely to profit in an amount that is undetermined, but believed to be in excess of $100,000. Plaintiffs are suffering and will suffer irreparable injury for which they have no adequate remedy at law.

**COUNT II**
**FEDERAL UNFAIR COMPETITION**

21.     Plaintiffs repeat and reallege paragraphs 1-20.

22.     Plaintiffs also have common law rights in the ADVANTUS names and marks.

23.     The cause of action set forth herein arises under the Lanham Act of the United States, 15 U.S.C. §§ 1051-1127.

24.    Defendants' acts constitute false designations of origin and misrepresentations in violation of 15 U.S.C. § 1125(a), causing damage and injury to Plaintiffs, and Plaintiffs are suffering and will suffer irreparable harm and injury for which Plaintiffs have no adequate remedy at law.

## COUNT III

## STATE TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

25.    Plaintiffs repeat and reallege paragraphs 1-20.

26.    This cause of action arises under Minnesota's common law of trademark and trade name infringement and unfair competition.  Jurisdiction is founded upon 28 U.S.C. §§ 1332 and 1338 or alternatively, under supplemental jurisdiction as stated in 28 U.S.C. § 1367 or upon principles of pendent and/or ancillary jurisdiction.

27.    Defendant's activities complained of constitute infringement of Plaintiffs' common law trademark and trade name rights in the state of Minnesota, and common law unfair competition.

28.    Plaintiffs have been damaged by the actions of Defendant in an amount which is as yet undetermined.

29.    If the acts of Defendant are allowed to continue, Plaintiffs will continue to suffer irreparable injury for which they have no adequate remedy at law.

## COUNT IV

## DECEPTIVE TRADE PRACTICES ACT

30.    Plaintiffs repeat and reallege paragraphs 1-20.

31.     This cause of action arises under the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.43 et seq.  Jurisdiction is founded on 28 U.S.C. § 1338 or, alternatively, upon principles of supplemental, pendent, and/or ancillary jurisdiction.

32.     Defendant's activities complained of constitute violations of the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.43 et seq.

33.     Plaintiffs have been damaged by the actions of Defendant in an amount which is as yet undetermined.

34.     If the acts of Defendant are allowed to continue, Plaintiffs will continue to suffer irreparable injury for which they have no adequate remedy at law.

## COUNT V

## <u>UNLAWFUL TRADE PRACTICES ACT</u>

35.     Plaintiffs repeat and reallege paragraphs 1-20.

36.     The cause of action set forth herein arises under the Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.09 et seq.  Jurisdiction is founded on 28 U.S.C. § 1338 or, alternatively, upon principles of supplemental, pendent, and/or ancillary jurisdiction.

37.     Defendant's activities complained of constitute violations of the Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.09 et seq.

38.     Plaintiffs have been damaged by the actions of Defendant in an amount which is as yet undetermined.

39.     If the acts of Defendant are allowed to continue, Plaintiffs will continue to suffer irreparable injury for which they have no adequate remedy at law.

## COUNT VI

## DENIAL OF REGISTRATION TO DEFENDANT'S APPLICATIONS FOR FEDERAL
## REGISTRATION

40.     Plaintiffs repeat and reallege paragraphs 1-20.

41.     The cause of action set forth herein arises under the Lanham Act of the United States, 15 U.S.C. § 1051 et seq. and 15 U.S.C. § 1119.

42.     Plaintiffs' goodwill in its name and ADVANTUS mark will be irreparably harmed if Defendant is allowed registration of the ADVANTUS marks, Serial Nos. 78-829,974; 78-829,955, 78-829,803; 78-793,112; and the ADVANTUS HEALTH marks, Serial Nos. 78-793,130 and 78-793,052.

43.     If the Registrations of Defendant are allowed, Plaintiffs will continue to suffer irreparable injury for which they have no adequate remedy of law.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury under Federal Rule of Civil Procedure 38.

WHEREFORE, Plaintiffs pray that the Court enter an order:

A.     Preliminarily, and then permanently enjoining and restraining the Defendant, its members, managers, directors, officers, agents, servants, employees, subsidiaries, affiliates, and all persons in active concert or participation with, through, or under Defendants, at first during the pendency of this action and thereafter perpetually:

1.    From infringing Plaintiffs' trademark ADVANTUS and/or committing any acts of unfair competition and/or from implying a false designation of origin or a false description or representation with respect to Plaintiffs' mark ADVANTUS;

2.    From committing any acts of unfair competition by passing off or inducing or enabling others to sell or pass off goods/services which are not Plaintiffs' goods/services as those of Plaintiffs;

3.    From using in any manner advertising, marketing materials, investors materials prospectus documentation, offerings, placements, of filings with governmental agencies, or other materials related to the Defendant's services, bearing the word ADVANTUS and any other mark, word, or name confusingly similar to Plaintiffs' mark ADVANTUS;

4.    From making any statements on promotional materials or advertising for the Defendant's services, on the internet, in marketing material, or in commerce, which are false or misleading as to source or origin; and

5.    From committing any acts of deceptive or unlawful trade practices calculated to cause members of the trade or purchasing public to believe that Defendant's goods/services are the goods/services of Plaintiffs or sponsored by or associated with, or related to, or connected with, or in some way endorsed or promoted by Plaintiffs, or are under the supervision or control of Plaintiffs.

B.    An order requiring that the Defendant deliver up to Plaintiffs any and all containers, signs, packaging materials, printing plates, and advertising or promotional materials

and any materials used in the preparation thereof, which in any way unlawfully use or make reference to ADVANTUS in connection with Defendant's services.

C.      An order requiring that Defendant, within thirty (30) days after service of notice in entry of judgment or issuance of an injunction pursuant thereto, file with the Court and serve upon the Plaintiffs' counsel a written report under oath setting forth details of the manner in which Defendant has complied with the Court's order pursuant to paragraphs A and B above.

D.      An order requiring Defendant to account and pay over to Plaintiffs all damages sustained by Plaintiffs, Defendant's profits, Plaintiffs' attorneys fees, and costs, and ordering that the amount of damages awarded Plaintiffs be increased three times the amount thereof.

E.      Directing the United States Trademark Office to deny registration and/or cancel registration of the ADVANTUS marks, Serial Nos. 78-829,974; 78-829,955, 78-829,803; 78-793,112; and the ADVANTUS HEALTH marks, Serial Nos. 78-793,130 and 78-793,052 and any other related or confusingly similar marks filed by or for the Defendant.

F.      Awarding Plaintiffs such other relief as the Court may deem just and proper.

Advantus Capital Management, Inc.
and
Advantus Series Fund, Inc.

By their attorneys,

Date: _June 30, 2006_ By _John a Clifford_

John A. Clifford (#134,181)
Daniel McDonald (#168,580)
Gregory C. Golla (#267,892)
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2215
Telephone No.:  (612) 332-5300
Telefacsimile No.:  (612) 332-9081